# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN MINER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BARBARA FERRANTI, et al., <br><br> Defendants. | Case No.: 1:15-cv-00352 --- JLT <br><br> ORDER TO PLAINTIFFS TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED FOR THEIR FAILURE TO COMPLY COURT ORDERS AND ON THE GROUNDS OF RES JUDICATA <br><br> ORDER TO PLAINTIFFS MILTON MINER FAMILY TRUST AND DOUGLAS PRICHARD TO SHOW CAUSE WHY THE MATTER SHOULD NOT BE DISMISSED AS TO THEM FOR THEIR FAILURE TO SIGN THE COMPLAINT AND TO APPEAR IN THIS MATTER |

On the July 23, 2015, the Court issued the summonses (Docs. 2-9) and its order setting the mandatory scheduling conference. (Doc. 10)  Not until the court ordered Plaintiffs to show cause why the matter should not be dismissed did they make any effort to serve Defendants.[1]  (Docs. 11-17)  Even still, they have never filed proofs of service as to Defendants Chase Home Finance, LLC, Lasalle Bank, N.A. or Washington Mutual Bank, FSB.  Nevertheless, all defendants have now appeared in the action. (Docs. 18, 23)

---

[1] At the same time, the Court continued the scheduling conference to January 8, 2016 at 9:30 a.m. (Doc. 11 at 2)  This order was served on Plaintiffs at their address of record and, indeed, Plaintiff, Ms. Miner, responded and impliedly acknowledged receipt of the order.  (Doc. 12)

On January 8, 2015, the Court held the status conference re: consent/scheduling conference. In advance of that hearing, the parties were obligated to meet and confer to develop a joint scheduling conference report. (Doc. 10 at 3) Defendants filed the report but noted that attempted contact of Plaintiffs at their address of record, failed. (Doc. 26 at 2) Likewise, when Defendants attempted contact at the telephone listed on the complaint, the person who answered denied Plaintiffs lived at that location. Id. In addition, no Plaintiff appeared at the hearing.

In the meanwhile, the Court has become aware that Plaintiff, Barbara Miner, has prosecuted an action that arises out of the same nucleus of operative facts, in state court. In that matter, the court issued judgment against her and it was upheld by the Fifth District Court of Appeal in Miner v. Chase Home Finance, 2014 WL 2466903 (June 3, 2014). In that appeal, the Court upheld the determination that Ms. Miner failed to tender in the underlying foreclosure. The Court noted that Ms. Miner had tendered payment via an "International Money Order" which, Chase Bank discovered, was not negotiable. Id. at *3. The Court observed that,

> Evidence in the record indicates plaintiff testified in deposition that she obtained the IMO from a nonprofit organization called Equishare, a humanitarian group that helped homeowners; her contact there was Douglas Prichard. He sent the IMO directly to Chase. Plaintiff could not explain why the United States Treasury would pay off her home loan; she simply relied on Prichard's representations to her. Plaintiff admitted she did not have the funds to pay off her home loan personally, and she paid Equishare $6,000 for its services.

Id. at n. 2. Thus, the Court held, "While her declaration asserts plaintiff tendered payment in the form of the IMO, it does not provide any evidence that the IMO was honored and paid, or that Chase received any funds from it in payment of her loan. Nothing in her declaration disputes defendants' evidence that the IMO was returned unpaid, the loan was reinstated, and plaintiff failed to pay the balance due and owing." Id. at *4. Thus, the Court concluded, "Plaintiff failed to demonstrate that a triable issue remained as to any material fact. Consequently, summary judgment in defendants' favor was properly granted." Id.

Finally, the Court notes that Mr. Douglas Prichard did not sign the complaint whether on his own behalf or on behalf of the Milton Miner Family Trust and there is no showing that he has agreed to be a plaintiff in this case. Notably, Fed. R. Civ. P. 11(a) requires the complaint to be signed the party if he is unrepresented. This subjects the complaint to dismissal as to these plaintiffs. Lawton v.

Medevac Mid-Am., Inc., 138 F.R.D. 586, 588 (D. Kan. 1991).  Likewise, there is no showing that Mr. Prichard[2] is an attorney, which is required for him to represent the trust in this matter.  C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987) ["Because Stradley is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a "party" conducting his "own case personally" within the meaning of Section 1654. He may not claim that his status as trustee includes the right to present arguments pro se in federal court."]

Though Ms. Miner has participated minimally in this action, Mr. Prichard and the Trust have had no involvement. While it appears she is attempting to represent the interests of all Plaintiffs, Ms. Miner may not represent anyone other than herself in this action. McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966).  Indeed, this Court's Local Rule 183(a) reads, "Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney . . . All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. **Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules**." (Emphasis added)

Therefore, the Court **ORDERS**,

1. **No later than January 22, 2016**, **all** Plaintiffs **SHALL** show cause in writing why the matter should not be dismissed for their failure to comply the Court's orders and due to the fact that the Fifth District Court of Appeal has determined already operative facts applicable to this case;

2. **No later than January 22, 2016**, Plaintiff, Douglas Prichard, **SHALL** show cause in writing why the matter should not be dismissed for his failure to sign the complaint and to appear in this action;

3. **No later than January 22, 2016**, Plaintiff, Milton Miner Family Trust, **SHALL** show

---

[2] As noted above, in the action in the Court of Appeal, Ms. Miner identified Mr. Prichard as a person who worked for a company called "Equishare" and not as anyone with any beneficial interest in the trust.

3

cause in writing why the matter should not be dismissed for its failure to sign the complaint and to appear in the action through counsel.

**Failure to comply with this order may result in the imposition of sanctions, including the dismissal of the action as to one or all Plaintiffs.**

IT IS SO ORDERED.

Dated:   **January 8, 2016**                              /s/ Jennifer L. Thurston
                                                                         UNITED STATES MAGISTRATE JUDGE